United States District Court
District of Massachusetts

| | |
|---|---|
| Shirlane Waithe,<br><br>        Plaintiff,<br><br>    v.<br><br>Cardinal Cushing Centers, Inc.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)    24-12530-NMG<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of plaintiff Shirlane Waithe ("plaintiff" or "Waithe") for reconsideration and leave to file an amended complaint (Docket No. 12). Plaintiff's motion follows the Order of this Court (Docket No. 10) ("the Order") granting the motion to dismiss of defendant Cardinal Cushing Centers, Inc ("Defendant" or "Cardinal"). For the following reasons, plaintiff's motion will be denied.

I.    Background

Plaintiff was employed by defendant from January, 2023 through April, 2024. In October, 2024, plaintiff brought claims against defendant for 1) retaliation, in violation of Title VII and the Americans with Disabilities Act ("ADA"), 2) disability discrimination, in violation of the ADA and M.G.L. 151B §1, et seq., 3) interference with medical leave, in violation of the

-1-

federal Family and Medical Leave Act ("FMLA") and the Massachusetts Paid Family Medical Leave Act ("PFMLA") and 4) racial discrimination, in violation of Title VII and Chapter 151B. Waithe voluntarily dismissed her claims under the FMLA.

In November, 2024, defendant filed a motion to dismiss the complaint in full. The Court allowed that motion, finding that plaintiff failed: 1) to exhaust her administrative remedies with respect to her disability claims, 2) to establish the protected activity against which defendant retaliated, 3) to allege interference with her medical leave and 4) to allege any adverse employment outcomes. Soon thereafter, plaintiff filed the instant motion for reconsideration and leave to file an amended complaint, to which defendants timely filed an opposition.

## II. Analysis

### A. Motion to Reconsider

Plaintiff moves the Court to reconsider the Order pursuant to Fed.R.Civ.P.59(e). Rule 59(e) allows a party to file a motion to alter or amend a judgment within 28 days of its entry, but it is an extraordinary remedy that should be used sparingly. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Courts will not address new arguments or evidence that the moving party could have previously raised. Banister v. Davis, 590 U.S. 504, 508 (2020)

-2-

Waithe first contends that relief under Rule 59(e) is appropriate because the Court failed to draw all reasonable inferences in her favor. She asserts that her complaint should have been interpreted as alleging an interference with her medical leave that required her to return to work. Not so. Waithe's complaint alleges that she returned to work due to "multiple calls and over 50 reports" and because she "knew that [d]efendant needed her." Even drawing all reasonable inferences in plaintiff's favor, those facts do not allege that defendant forced her to return to work earlier than planned.

Next, plaintiff posits that the Court should have interpreted Count III as alleging that defendant retaliated against her for taking medical leave. Even if Count III could be so construed, the Court found that Waithe failed to plead any adverse employment outcome. Because such facts are necessary to sustain a retaliation claim, the Court declines to reconsider that issue.

Finally, Waithe claims that new caselaw permits her to file under the FMLA despite her previous ineligibility. Because her FMLA claims are otherwise identical to her PFMLA claims, which are deficient, the Court declines to grant such relief. The motion to reconsider will be denied.

-3-

### B. Motion For Leave to File an Amended Complaint

Under Fed.R.Civ.P. 15(a)(2), a party may amend a complaint after 21 days of filing only with consent of the opposing party or leave of the Court.  Leave should be freely granted unless the amendment would be futile or result in undue delay. Adorno v. Crowley Towing And Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

Plaintiff first argues that the complaint should have been dismissed without prejudice because defendants did not specifically request otherwise.  That is incorrect, because, as plaintiff herself recites, a dismissal pursuant to Rule 12(b)(6) is presumed to be with prejudice absent a clear statement to the contrary. U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir. 2004).  The Order contains no such conditional language.

Even if the dismissal could be construed as being without prejudice, plaintiff's motion to amend would nonetheless be unavailing.  A motion for leave to amend cannot be allowed after entry of judgment unless that judgment is vacated. Palmer, 465 F.3d at 30.  There has been no such vacation.  In any event, plaintiff's proffered amendments do not cure the deficiencies in the complaint and they would therefore be futile.  The motion for leave to amend with therefore be denied.

-4-

**ORDER**

For the forgoing reasons, plaintiff's motion for reconsideration and leave to amend the complaint (Docket No. 12) is **DENIED**.


**So ordered.**


_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: March 23, 2026

-5-